# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| HERIBERTA REBOLLOSO | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| NANCY A. BERRYHILL, | § | A-17-CV-294-ML |
| Acting Commissioner of the Social | § | |
| Security Administration, | § | |
| Defendant. | § | |

## ORDER

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Acting Commissioner of the Social Security Administration, Nancy A. Berryhill, in her official capacity ("the Commissioner"), denying disability benefits to Plaintiff Heriberta Rebolloso ("Rebolloso"). Before the court are Plaintiff's Complaint (Dkt. #3), filed April 7, 2017; the Commissioner's Answer (Dkt. #11), filed June 13, 2017; Plaintiff's Brief in Support of Claim (Dkt. #15), filed September 11, 2017; Defendant's Brief in Support of the Commissioner's Decision (Dkt. #16), filed November 9, 2017; and the Record of the Social Security administrative hearing in this matter (Dkt. #13), cited as TR [page number].

This case was referred to the Magistrate Judge by United States District Judge Lee Yeakel pursuant to 28 U.S.C. § 636(b). Both parties have waived the right to proceed before a District Judge and have consented, pursuant to 28 U.S.C. § 636(c), to have all proceedings in the case, including the entry of final judgment, conducted by the Magistrate Judge. *See* Dkt. #17. Having considered the briefing, the record below, and the case file as a whole, the Magistrate Court now enters the following Opinion and Order.

## I. PROCEDURAL HISTORY

On November 22, 2013, Rebolloso filed an application for benefits, alleging disability beginning August 1, 2008. TR 204; 234. She last met insured status requirements on March 31, 2010. TR 250. She was fifty-years old at the date she last met insured status requirements. TR 204. Her claim was initially denied and again denied upon reconsideration on April 23, 2014. TR 37. She requested a hearing, which was conducted by video before Administrative Law Judge ("ALJ") Doug Gabbard, II on October 6, 2015. TR 37. Rebolloso, her counsel, and an impartial vocation expert ("VE") appeared. TR 37. A Spanish interpreter was also present at the hearing. *Id.* The ALJ issued an unfavorable decision on November 5, 2015. TR 31.

Rebolloso appealed. The Appeals Council denied her request for review of the ALJ's decision on February 3, 2017, thereby making the ALJ's decision the Commissioner's final administrative decision. TR 1. Rebolloso filed this action seeking judicial review of the ALJ's decision on April 6, 2017. Dkt. #1.

## II. ISSUE PRESENTED

Whether the ALJ's step-two finding is erroneous and warrants remand.

## III. DISCUSSION

### A. Standard of Review

Judicial review of the ALJ's decision is limited. Specifically, the district court reviews: (1) whether the ALJ's decision was supported by substantial evidence; and (2) if so, whether the ALJ made any errors of law in evaluating the evidence. *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).

Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Myers*

*v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). As a result, the court "cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision" because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). A finding of "no substantial evidence" will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). If the Commissioner applied the proper legal standards and her findings are supported by substantial evidence, they are conclusive and must be affirmed. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

**B.  Evaluation Process and Burden of Proof**

Disability is defined as the "inability to engage in substantial gainful activity by reasons of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step sequential process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment or combination of impairments; (3) whether the claimant's impairment or combination of impairments meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment or combination of impairments prevents the claimant from performing past relevant

work; and (5) whether the impairment or combination of impairments prevents the claimant from doing any other work. 20 C.F.R. § 416.920. A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the analysis. *Greenspan*, 38 F.3d at 236.

The claimant bears the burden of proof on the first four steps of the sequential analysis. *Leggett*, 67 F.3d at 565. Once this burden is met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). The Commissioner may meet this burden by the use of opinion testimony of vocational experts or by use of administrative guidelines in the form of regulations. *Rivers v. Schweiker*, 684 F.2d 1144, 1155 (5th Cir. 1982). If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternative work. *Id.*

C.   **The ALJ's Decision**

In a written decision issued November 2, 2015, the ALJ determined as a threshold matter that Rebolloso last met the insured status requirements of the Social Security Act on March 31, 2010. TR 39. The ALJ then engaged in the standard five-step sequential process, finding at step one that Rebolloso had not engaged in substantial gainful activity during the period from her alleged onset date of August 1, 2008 through her last date insured of March 31, 2010. TR 39. At step two, the ALJ found that through the last date insured, Rebolloso had the following medically determinable impairments: mild degenerative disc disease of the lumbar spine; osteoporosis; pain and swelling of the arm, should, and hand; mild varicosities of the left leg; chronic pain; headaches; and dizziness. TR 39. The ALJ found that the alleged anterior humeral head glide syndrome, depression, and anxiety were not established as a medically determinable

4

impairment during the relevant period. TR 39-40. Nevertheless, the ALJ concluded that none of the impairments (or a combination thereof) was severe because none significantly limited Rebolloso's ability to perform basic work-related activities for 12 consecutive months. As a part of that discussion, the ALJ determined that while her medically determinable impairments could have been reasonably expected to produce the alleged symptoms, Rebolloso's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. TR 41. The ALJ found that Rebolloso had several allegations regarding impairments that were mild in nature or did not last twelve months in duration, though the ALJ noted that they may have worsened or been treated after the relevant period. TR 41. But during the relevant period, the ALJ concluded, citing Rebolloso's testimony and the medical record, the impairments were not severe, because Rebolloso was able to care for her children and home, engaged in activities, and received almost minimal treatment for her conditions. TR 41. Thus, the ALJ determined Rebolloso did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. TR 40. Accordingly, the ALJ concluded that Rebolloso was not disabled at the relevant time period. TR 43-44.

### D. Analysis of Rebolloso's Claim

Rebolloso argues that the ALJ's failure to apply the severity standard outlined in *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) mandates remand because the ALJ used an incorrect severity standard and prematurely ended the sequential evaluation process. *See* Dkt. #15 at 6. The Commissioner responds that the ALJ properly denied benefits. Although the ALJ did not cite to *Stone* specifically, the Commissioner argues that the ALJ nevertheless applied the proper standard, citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)(ALJ's failure to

articulate the proper legal standard was harmless). Moreover, the Commissioner argues, there is no evidence in the record that Rebolloso's impairments were severe enough at the relevant time period to prevent her from gaining substantial gainful employment. Dkt. #16 at 4. As a result, the Commissioner argues, any error by the ALJ in articulating or applying the proper standard is harmless because substantial evidence supports the ALJ's finding and remand is not required.

"[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). As Rebolloso notes, the court must look beyond the use of magic words to determine whether the ALJ used the correct standard of severity: a failure to specifically cite to *Stone* does not alone create grounds for remand. See Dkt. #15 at 5; *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986).

Here, the ALJ considered all symptoms and the extent to which the symptoms could be reasonably accepted as consistent with the objective medical evidence and other evidence, in accordance with 20 CFR 404.1529, SSRs 96-4p and 96-7p. The ALJ also considered the opinion evidence in accordance with 20 CFR 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p. TR 41. A review of the record shows that Rebolloso alleged that she was disabled because of her back and hip pain, though this pain did not produce functional limitations. TR 324. When she complained of low back pain to her physicians in August and September 2008, her physicians did not note abnormal findings on examination. TR 417-18; 420. Nearly a year elapsed before she next sought treatment for lower back pain and that July 2009 examination revealed no abnormal findings. TR 438. In August 2009, she again sought treatment for lower back pain, representing to her physician that she had been told she needed surgery. TR 440. The evidence

does not support that she had been told she needed surgery. At this August 2009 examination, the physician made notes that the spine was positive for posterior tenderness and a straight leg raising test showed pain in the right and left legs, but noted normal flexion, extension, lateral flexion, rotation, and that Rebolloso was able to bear weight on each leg and walk on her toes and heels without difficulty. TR 441. A follow-up x-ray showed mild degenerative changes. TR 498. When she presented with chest pain at a September 2009 office visit, she stated that naproxen prescribed to her for muscular pain relieved the pain with "good response." TR 443. At an October 2009 follow-up appointment for her back pain, she presented with mild tenderness in her back but negative straight leg raise testing and no neurological deficits. She was prescribed a Lidoderm patch and ordered to continue using naproxen. TR 449. A September 2010 x-ray (six months after her last-insured date) showed no changes from the August 2009 x-ray. TR 493-494.

Other symptoms during the relevant period described by Rebolloso and considered by the ALJ included chest pain, headaches, acid reflux, and upper and lower extremity swelling. *See* TR 432-36, 443, 451-453, 461, 464-66. These symptoms were well managed during the relevant period with conservative measures like Tylenol (musculoskeletal chest pain, swelling), Midrin (headaches described as migraines), naproxen and Epsom salts (pain, swelling), modified diet and PPIs (acid reflux), and diuretics (swelling). TR 42-43. Rebolloso also alleged that she was diagnosed with osteoporosis, but the ALJ found that the medical records, including a May 2014 bone and mineral density scan (well after the last-insured date) established Rebolloso did not have osteoporosis. TR 41-42, 55, 1325.

The ALJ also considered the medical opinion evidence, which provides substantial support for the step-two determination. The State agency medical consultant at the initial level concluded that there were insufficient medical records to establish physical impairments before

the date last insured. At the reconsideration level, the medical consult came to the same conclusion. TR 43. In a physical residual function capacity assessment by James Wright, M.D., Rebolloso was found not to have functional limitations other than a restriction to lifting fifty pounds and Dr. Wright opined that the evidence did not fully support Rebolloso's alleged limitations. TR 43. The ALJ accorded this opinion some weight, noting that the medical record showed some impairments but not sufficient evidence that the impairments limited her physical functions at the relevant period. TR 43.

Further, as the Commissioner argues, Rebolloso's testimony about her daily activities also supports the ALJ's step-two determination. For example, she reported that during the relevant period, she cared for her children, cooked their meals, washed dishes, and shopped outside the home for groceries and household supplies. TR. 53, 264-65. She attended her children's sporting events and school activities. TR 43. After the relevant time period, she returned to the part-time work she had previously performed in a school cafeteria. TR. 53-54. She also testified that she could lift between thirty and forty pounds during this time period. TR 62.

Finally, Rebolloso argues that the ALJ's failure to adopt her subjective reports violates the mandates of SSR 16-3p. SSR 16-3p replaced SSR 96-7p, which required "whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record." SRR 96-7p. SSR 16-3p eliminates the use of "credibility" in evaluating symptoms and clarifies that "[i]n considering the intensity, persistence, and limiting effects of an individual's symptoms, we examine the entire case record, including the objective medical

evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." SSR 16-3p. Nevertheless, SSR 16-3p was not applicable at the time of the ALJ's decision (November 5, 2015). Moreover, even under SSR 16-3p, the adjudicator "may or may not find an individual's symptoms and related limitations consistent with the evidence in his or her record." SSR 16-3p. In this case, the ALJ noted that some of Rebolloso's complaints, such as osteoporosis, were contradicted by the record evidence. Further, the ALJ noted that while some of her conditions may have worsened or been treated more recently, Rebolloso's statements about the intensity, persistence, and limiting effect of her symptoms at the relevant time were not supported by the medical record and her own testimony that she was able to care of her children in her home, engaged in activities, and received minimal treatment for her conditions which were generally well managed. TR 42. The ALJ did not err by not applying SSR 16-3p, and review of the medical record and the ALJ's opinion leads the court to conclude that the ALJ would have reached the same result even if SSR 16-3p had been applied.

## IV. CONCLUSION

The task of weighing evidence is the province of the ALJ. *See Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The task of the court is merely to determine if there is substantial evidence in the record as a whole which supports the ALJ's decision. *Id.* (citing *Greenspan*, 38 F.3d at 240). As substantial evidence supports the ALJ's decision in this case, it must be affirmed. Any error committed by the ALJ in not specifically articulating the *Stone* standard was harmless. Therefore, it is **ORDERED** that the Commissioner's decision in the above-styled cause is **AFFIRMED** in all aspects.

SIGNED September 17, 2018

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE